FILED
United States Court of Appeals
Tenth Circuit

March 8, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IVAN BENNETT WILLIS,

Defendant-Appellant.

No. 18-6188
(D.C. Nos. 5:17-CV-01161-C and
5:13-CR-00267-C-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Following trial, a jury found Defendant Ivan Willis guilty of aggravated sexual abuse in Indian Country in violation of 18 U.S.C. § 2241(a). The district court sentenced Defendant to 151 months in prison, the low end of his guideline range. We affirmed Defendant's conviction on direct appeal. *United States v. Willis*, 826 F.3d 1265 (10th Cir. 2016). Defendant subsequently moved pursuant to 28 U.S.C. § 2255 to set aside his sentence based on ineffective assistance of trial counsel. The district court denied Defendant relief, as well as his subsequent motion pursuant to 28 U.S.C. § 2253 for a Certificate of Appealability. Now before us is Defendant's

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

renewed motion for a COA.

In his motion, Defendant claims his counsel did not properly advise him of the sentencing range that would apply if he had accepted the Government's plea offer. Defendant asserts that during plea negotiations the Government offered him a plea agreement under which he would plead guilty to abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and face ten years in prison, as opposed to fifteen years if convicted after trial of aggravated sexual abuse under § 2241(a).[1] Defendant states counsel advised him that if he rejected the Government's plea offer and a consequent ten-year sentence of imprisonment, he would receive a fifteen-year sentence if found guilty following trial. Defendant says "[w]eighing a 5-year difference between pleading guilty and taking his chances at standing trial, Defendant elected to proceed to trial."

Now Defendant says he just recently learned that had he accepted the Government's plea offer and pleaded guilty to a § 2244(a)(1) violation, his guideline range would have been 6–12 months. In its order denying Defendant post-conviction relief, however, the district court explained Defendant's sentencing range calculation

---

[1] Section 2241(a) provides "[w]hoever . . . knowingly causes another person to engage in a sexual act . . . by using force against that other person . . . shall be fined under this title, imprisoned for any term of years or life, or both." Meanwhile, §2244(a) provides "[w]hoever . . . knowingly engages in or causes sexual contact with or by another person, if so to do would violate . . . subsection (a) or (b) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both."

2

is incorrect because of the guideline's relevant conduct provisions:

> Defendant argues that if he had accepted the plea agreement there would have been no evidence of force. Therefore, Defendant argues, the plea agreement would have established a base offense level of 12 [instead of the base offense level 30 he received following trial].
>
> * * *
>
> Regardless of which statute is used, the forcible nature of Defendant's actions [as illustrated by the trial testimony] remains. Thus, even had he pleaded to Abusive Sexual Contact, the fact that he committed the act using force would remain. Thus, Defendant's actions would have involved conduct described in 18 U.S.C. § 2241(a). As a result, the U.S.S.G. § 2A3.4(c)(1) cross reference would apply and Defendant's base offense level would be 30 [just as it was after trial] as set by U.S.S.G. § 2A3.1. The plea agreement did not change the minimum sentence Defendant would face. Rather, had he accepted the plea agreement, his sentence would have been capped at 10 years by the statutory maximum imposed by 18 U.S.C. § 2241(a)(1).

Clearly, Defendant suffered no prejudice from any failure on the part of counsel to advise him of an *erroneous* 6–12 month guideline range in the event Defendant accepted the Government's plea offer. In fact, for counsel to so advise Defendant would itself have been erroneous because Defendant's guideline range would not change regardless of whether he accepted the plea offer. Instead all that would change from a plea agreement was that Defendant's sentence would be capped at the ten-year maximum and Defendant tells us he knew that before deciding to reject the Government's plea offer.

Defendant has not made a showing of the denial of a constitutional right that might be debatable among reasonable jurists. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, Defendant's motion for a COA is DENIED. Defendant's

3

motion to proceed on appeal in forma pauperis is DENIED as moot.


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge